IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Lauren Danielle Pancaldo, | C/A No. 5:19-cv-01874-DCC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Andrew Saul, Commissioner of Social Security, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation ("Report"), which recommended affirming the decision of the Commissioner of Social Security ("Commissioner"). ECF Nos. 16, 17. Having considered the parties' briefing and all relevant law, the Court OVERRULES Plaintiff's Objections and ADOPTS the Magistrate Judge's Report for the reasons that follow.

**BACKGROUND**

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner's final decision denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Plaintiff filed her applications for DIB and SSI on January 7, 2016, and January 31, 2016, respectively, alleging disability beginning May 1, 2014, due to a mental disorder, a disc problem, asthma, diabetes, a neurological problem, high blood pressure, and lupus. (R. 99). Plaintiff's application was denied initially on March 30, 2016. (R. 15, 99). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on

1

March 8, 2018. (R. 33–62). Prior to her hearing, Plaintiff amended her alleged disability onset date to November 24, 2015. (R. 193). The ALJ denied Plaintiff's application in a decision issued July 17, 2018. (R. 15–27). The Appeals Council denied Plaintiff's request for review on April 29, 2019, making the ALJ's denial the final decision of the Commissioner. (R. 1–4).

Plaintiff filed suit in this Court on July 1, 2019. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On May 29, 2020, Magistrate Judge Mary Gordon Baker issued her Report recommending that the decision of the Commissioner be affirmed. ECF No. 16. On June 11, 2020, Plaintiff filed Objections to the Report. ECF No. 17. The Commissioner filed a Response on June 25, 2020. ECF No. 18. Plaintiff's Objections and the Magistrate Judge's Report are now before the Court.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined

innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## **DISCUSSION**

In her initial brief, Plaintiff requested remand based on the ALJ's alleged failure to explain her residual functional capacity ("RFC") findings and to properly evaluate Plaintiff's subjective claims. ECF No. 13. The Magistrate Judge recommended that the Court affirm the Commissioner's decision because the ALJ reached a determination that was supported by substantial evidence and correct in its application of the law. Plaintiff now objects that her case must be remanded for "proper consideration of the opinion evidence, a thorough explanation of how the RFC accounts for moderate difficulties in mental functioning, and . . . an appropriate discussion of Pancaldo's fibromyalgia as it relates to her subjective reports." ECF No. 17 at 9.

**A. The ALJ's Consideration of Dr. Spooner's Opinion**

Plaintiff's first objection relates to the ALJ's treatment of the medical opinion of Nina Spooner, M.D., who performed an internal medicine examination on February 29, 2016. Dr. Spooner provided the following medical source statement:

> The claimant has mild to moderate limitation for standing, walking, sitting, climbing stairs, bending, kneeling, carrying, and lifting. The claimant has mild limitation for activities requiring fine manipulation. The claimant should avoid smoke, dust, and known respiratory irritants. The claimant should avoid operating heavy machinery secondary to seizure disorder. Defer to psychiatry regarding psychiatric history.

(R. 558).

The argument in Plaintiff's Objections brief centers on the application of 20 C.F.R. § 404.1520c(c), which sets out several factors for the Commissioner to consider in evaluating medical opinions. However, as the Commissioner points out, § 404.1520c by its explicit terms applies to "medical opinions . . . for claims filed on or after March 27, 2017." ECF No. 18; 20 C.F.R. § 404.1520c. *See also* 81 Fed. Reg. 62560, 62578 (Sept. 9, 2016) (proposing to continue following existing rules, including 20 C.F.R. § 404.1527(a)–(d), in "claims that are filed before the effective date of the final rule"). Plaintiff's claims were filed in January of 2016. (R. 99). Therefore, the applicable regulation is found 20 C.F.R. § 404.1527, which applies to claims filed before March 27, 2017.

Nevertheless, Plaintiff's assertion that the ALJ should evaluate medical opinions in part based on their supportability and consistency holds true under § 404.1527(c) as well as under § 404.1520c(c). The thrust of Plaintiff's first argument is that the ALJ "failed to consider the consistency of the opinion[s] of Mr. Oreifej and Dr. Spooner" in assigning Dr. Spooner's opinion only partial weight. ECF No. 17 at 2. D. Oreifej is a "single decision

4

maker" who completed an RFC assessment dated March 29, 2016. (*See* R. 72–74). As the Magistrate Judge explained, single decision makers have no medical credentials, and their opinions are entitled to no weight. *See, e.g., Saez v. Colvin*, 216 F. Supp. 3d 497, 515 n.3 (M.D. Pa. 2016) (noting that the opinion of a single decision maker "is not to be accorded any evidentiary weight when an ALJ is deciding a case at the hearing level"); *Nicholson v. Astrue*, 2010 WL 4506887, at *6 (W.D.N.C. Oct. 29, 2010) (quoting *Bolton v. Astrue*, 2008 WL 2038513, at *4 (M.D. Fla. May 12, 2008)) ("An SDM is not a medical professional of any stripe, and a finding from such an individual is entitled to no weight as a medical opinion, or to consideration as evidence from other non-medical sources."); *Velasquez v. Astrue*, 2008 WL 791950, at *3 (D. Colo. Mar. 20, 2008) (same); POMS DI 24510.050(C) ("SDM-completed forms are not opinion evidence at the appeal levels"). In her Objections, Plaintiff does not reprise her argument that it was error for the ALJ not to consider Mr. Oreifej's opinion. *See* ECF No. 13 at 21–22. However, she contends that the ALJ erred in failing to discuss the consistency between Dr. Spooner's opinion and Mr. Oreifej's assessment.

Mr. Oreifej assessed the following limitations: Plaintiff could occasionally lift/carry less than ten pounds, could stand and/or walk for a total of two hours, could sit for about 6 hours in an 8-hour workday, and should avoid concentrated exposure to several environmental hazards. (R. 72–74). A limitation on exposure to workplace hazards was incorporated into the RFC and therefore requires no further discussion. (*See* R. 20). As for Mr. Oreifej's recommendations of limitations on lifting, carrying, standing, walking, and sitting, the extent to which his non-medical opinion is consistent with Dr. Spooner's is difficult to determine for precisely the reason identified by the ALJ: that Dr. Spooner's

opinion is "expressed in rather vague terms." (R. 25). Dr. Spooner found a "mild to moderate" limitation on all of these functions, without any further explanation. (R. 558). This Court cannot state with any certainty that her opinion is "consistent" with Mr. Oreifej's assessment. Equally, the Court cannot state that her opinion is *inconsistent* with the ALJ's RFC analysis, which restricted Plaintiff to light work with additional limitations on sitting, standing, walking, climbing stairs, bending, kneeling, and fingering. (R. 20). Finally, with respect to Plaintiff's walking ability, any alleged consistency between Dr. Spooner's opinion and Mr. Oreifej's non-medical assessment would be outweighed by the noted inconsistency between Dr. Spooner's opinion and the medical evidence of record. *Id*. In short, the Court finds no error in the ALJ's failure to discuss Mr. Oreifej's assessment, either independently or in conjunction with Dr. Spooner's opinion.

Plaintiff further argues that the ALJ should have incorporated Dr. Spooner's finding of "3–4/5 strength of her upper extremities" into the RFC by additional limitations on lifting and carrying. ECF No. 17 at 2–3 ("Given Pancaldo's 3–4/5 strength of her upper extremities, it is not clear how the ALJ determined she could perform the lifting and carrying requirements of light work."). Plaintiff correctly points out that the ALJ provided no explanation for discounting Dr. Spooner's opinion as to her lifting and carrying abilities. However, Dr. Spooner's upper extremity strength finding was included in her report as an exam finding, not as a medical opinion. (R. 557). It was not accompanied by any specific recommendation about Plaintiff's lifting and carrying limitations, except that Plaintiff had a "mild to moderate limitation" in both areas. (R. 558). The restriction in the RFC to "light work" incorporates substantial limitations on those functions. *See* 20 C.F.R. § 404.1567(b) ("Light work involves lifting no more than 20 pounds at a time with frequent

lifting or carrying of objects weighing up to 10 pounds."). Therefore, absent a more specific recommendation, the Court does not find that the ALJ's RFC determination with respect to lifting and carrying contradicted the partial weight assigned to Dr. Spooner's opinion or otherwise constituted reversible error.

### B. Incorporation of Plaintiff's Moderate Difficulties into the RFC

Plaintiff next objects that the ALJ failed, without explanation, to account in the RFC for Plaintiff's moderate difficulties in adapting or managing herself, dealing with stress, and responding to changes in the work setting.

The only non-exertional limitation included in the RFC is a limitation to unskilled work. (R. 20). Plaintiff is correct in stating that, absent some explanation, an RFC limiting the claimant to unskilled work does not sufficiently account for other mental limitations. *See Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015) (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) ("an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work'"). However, nothing in *Mascio*'s holding precludes an ALJ from omitting additional limitations so long as she provides appropriate reasons. *See id.* (finding remand warranted only because the ALJ "gave no explanation" for "why Mascio's moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in Mascio's residual functional capacity"). The ALJ must "*either* (1) address Plaintiff's limited ability . . . when assessing her RFC *or* (2) explain why such limitations do not affect Plaintiff's ability to work." *McGlothlin v. Berryhill*, 2018 WL 6111786, at *5 (M.D.N.C. Nov. 21, 2018) (emphasis added).

7

In this case, the ALJ adequately explained her decision not to incorporate further limitations into the RFC. The ALJ found at step three of her analysis that the Plaintiff had a moderate limitation in adapting or managing herself and concomitantly addressed the two more specific limitations[1] alleged by Plaintiff:

> As for adapting or managing oneself, the claimant has experienced a moderate limitation. Treatment records indicate that the claimant experiences grandiose thoughts and mood, with limited insight and judgment. (Ex. B18F). Dr. Antiaris opined that she had moderate limitations dealing appropriately with stress and mild limitations making appropriate decisions (Ex. B7F). The State agency evaluator opined that she had some difficulty with adaptation, but was able to cope with basic changes (Ex. B3A; Ex. B4A). Accordingly, the overall evidence of records substantiates a moderate, but not marked, limitation in adapting or managing oneself.

(R. 20). The above explanation establishes that the ALJ based her finding of moderate limitation in adapting or managing oneself on the treatment records and on the opinions of Dr. Antiaris and Agency evaluator T. Bruni.

Dr. Antiaris opined that Plaintiff was "moderately limited in her ability to appropriately deal with stress," and that this difficulty was caused by "lack of motivation." (R. 547). She also opined that Plaintiff had no limitations in her ability "to follow and understand simple directions and instructions, perform simple tasks independently, maintain attention and concentration, maintain a regular schedule, learn new tasks, or perform complex tasks independently." *Id*. The ALJ discussed Dr. Antiaris's medical source statement and accorded her opinion partial weight as follows:

> Consultative psychiatric examiner, Dr. Antiaris, opined that the claimant had moderate limitations dealing appropriately with stress, mild limitations making appropriate decisions and relating adequately with others, and that

---

[1] The Court assumes that by "moderate difficulties in responding to changes in the work setting," ECF No. 147 at 4, Plaintiff means to refer to Agency evaluator T. Bruni's opinion that "[t]he claimant exhibits some difficulty with adaptation but is able to cope with basic changes and make routine decisions." (R. 71).

8

>these difficulties were caused by a lack of motivation. She opined that the claimant had no other limitations (Ex. B7F). This opinion is given partial weight. As a consultative examiner, Dr. Antiaris examined the claimant and has an understanding of Social Security disability programs and evidentiary requirements. The opinion is also consistent with the other mental status examinations in the record (Ex. B18F). Her opinion is not inconsistent with a limitation of unskilled work.

(R. 25). The ALJ ultimately determined that, although Plaintiff had certain functional impairments, "her statements do not call for further restrictions than those included in the . . . residual functional capacity." (R. 26). With respect to Plaintiff's mental limitations, she stated: "The mental limitation [to unskilled work] is supported by the treatment records, the opinions of the State agency evaluator and Dr. Antiaris, and the claimant's statements about her symptoms. [ . . . ] No additional limitations are warranted." (R. 26) (citations omitted).

As for Agency evaluator T. Bruni's statement that Plaintiff "exhibits some difficulty with adaptation," (R. 71), it is unclear whether this difficulty would correspond to a mild or a moderate limitation. In any event, the ALJ also cited the second half of T. Bruni's statement indicating that Plaintiff "is able to cope with basic changes and make routine decisions." (R. 20) (citing (R. 71)). This opinion, particularly in light of the other evidence of record that the ALJ discussed, does not appear inconsistent with a limitation to unskilled work without further restriction in Plaintiff's RFC.

Taken as a whole, the ALJ's analysis demonstrates that she carefully considered Plaintiff's mental limitations and found them to be consistent with a restriction to unskilled work. It is, in short, sufficient to "build an accurate and logical bridge from the evidence to [her] conclusion." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted); *see also Boler v. Colvin*, 2013 WL 5423647, at *4 (M.D.N.C. Sept. 26, 2013)

9

(citing *Smith v. Schweiker*, 719 F.2d 723, 725 (4th Cir. 1984)) ("[W]hether or not unskilled work squares with a claimant's particular mental limitations presents a fact-specific determination."). Plaintiff's objection is therefore overruled.

### C. Assessment of Plaintiff's Subjective Reports

Lastly, Plaintiff objects that the ALJ did not explain her finding of inconsistency between Plaintiff's subjective reports and the treatment records in light of Plaintiff's fibromyalgia diagnosis. In particular, she argues that the ALJ "failed to properly consider fatigue in light of [Plaintiff's diagnosis] of fibromyalgia."[2] ECF No. 17 at 6. Plaintiff highlights, inter alia, the difficulty in obtaining objective medical evidence of fibromyalgia, the Social Security Ruling that addresses evaluation of fibromyalgia (SSR 12-2p), the fact that fibromyalgia symptoms may wax and wane from day to day, and the fact that an absence of objective medical evidence does not preclude a finding of disability due to fibromyalgia. *Id*. at 6–8.

While all of these points are well taken, none provides sufficient justification for remand. The question is not whether the ALJ could reasonably have reached a different decision, but whether the decision reached was adequately explained and supported by substantial evidence. This Court agrees with the Magistrate Judge that the ALJ properly considered the evidence of Plaintiff's fatigue and other fibromyalgia symptoms, including Plaintiff's own testimony, and explained her decision not to include additional limitations

---

[2] Plaintiff also argues that the ALJ failed to "consider [her] subjective reports in conjunction with her severe impairments of fibromyalgia and lupus v. Sjogren's syndrome." ECF No. 17 at 6. However, save for this passing reference, the argument in Plaintiff's Objections briefing addresses fibromyalgia only. The Court will likewise reference only fibromyalgia, but its analysis with respect to fatigue applies equally to fatigue caused by any of Plaintiff's medically determinable impairments.

in the RFC. (R. 24, 25–26). More was not required. This Court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citation omitted). Because the ALJ's determination was supported by "more than a scintilla" of evidence, *Thomas*, 331 at 543, and contained enough explanation to enable meaningful review, Plaintiff's objection is overruled.

## **CONCLUSION**

For the reasons set forth above, the Court **ADOPTS** the Report, **OVERRULES** Plaintiff's Objections, and **AFFIRMS** the decision of the Commissioner.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

September 3, 2020
Spartanburg, South Carolina